UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20065-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS ARTURO CEREN,
EDGAR SIMMONDS,
JHON JAIRO OCHOA MESA,
OSCAR MAURICIO HENAO TORO,
CARLOS ZULUAGA-OCHOA,
MANUEL JOSE CARDONA-OSORIO,
and OMAR MUNOZ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion to Suppress All Wiretap Evidence and Fruits Thereof and Incorporated Memorandum of Law (DE# 766, 4/19/10), the Defendant's Motion to Compel Production of Documents Relating to Record of Conversations Had by the Defendant and Incorporated Memorandum of Law (DE# 768, 4/19/10) and the Defendants' Motion to Suppress Wiretap Evidence (DE# 771, 4/21/10).[1] This case was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the

---

[1] Defendant Carlos Zuluaga-Ochoa has adopted Defendants' Motion to Suppress Wiretap Evidence (DE# 771, 4/21/10). See Order Granting Motion to Adopt (DE# 774, 4/23/10). Defendants Manuel Jose Cardona-Osorio and Omar Munoz have adopted the Defendant's Motion to Compel Production of Documents Relating to Record of Conversations Had by the Defendant and Incorporated Memorandum of Law (DE# 768, 4/19/10) and the Defendants' Motion to Suppress Wiretap Evidence (DE# 771, 4/21/10). See Order (DE# 778, 4/28/10); Order (DE# 793, 5/26/10).

Southern District of Florida. Having held a hearing on May 26, 2010 and carefully considered the defendants' motions, the court file and applicable law, the undersigned respectfully recommends that the Motion to Suppress All Wiretap Evidence and Fruits Thereof and Incorporated Memorandum of Law (DE# 766, 4/19/10), the Defendant's Motion to Compel Production of Documents Relating to Record of Conversations Had by the Defendant and Incorporated Memorandum of Law (DE# 768, 4/19/10) and the Defendants' Motion to Suppress Wiretap Evidence (DE# 771, 4/21/10) be **DENIED** for the reasons stated herein.

## INTRODUCTION

On April 19, 2010, defendant Carlos Arturo Ceren filed his Motion to Suppress All Wiretap Evidence and Fruits Thereof and Incorporated Memorandum of Law (DE# 766, 4/19/10) and Defendant's Motion to Compel Production of Documents Relating to Record of Conversations Had by the Defendant and Incorporated Memorandum of Law (DE# 768, 4/19/10). On April 21, 2010, defendants Edgar Simmonds, Jhon Jairo Ochoa Mesa and Oscar Mauricio Henao Toro filed Defendants' Motion to Suppress Wiretap Evidence (DE# 771, 4/21/10). The government filed an omnibus response to these motions. See Omnibus Response to Motions to Suppress Wiretap Evidence and Motion to Compel Production of Documents Relating to Recording of Conversations (DE# 780, 5/5/10). On May 11, 2010, defendant Carlos Arturo Ceren filed a reply in support of his motion to compel. Defendants Edgar Simmonds, Jhon Jairo Ochoa Mesa and Oscar Mauricio Henao Toro filed their reply on May 12, 2010. See Defendants' Reply Memorandum in Support of Motion to Suppress Wiretap Evidence (DE# 787, 5/12/10). The undersigned held a hearing on the instant motions on May 26, 2010.

2

## **BACKGROUND**[2]

The defendants have been charged by superseding indictment with conspiracy to import five kilograms or more of cocaine in violation of Title 21, United States Code, Section 963; conspiracy to possess five kilograms or more of cocaine with the intent to distribution in violation of Title 21, United States Code, Section 846 and two counts of attempt to import five kilograms or more of cocaine in violation of Title 21, United States Code, Section 963. See Superseding Indictment (DE# 551, 3/18/09). The events that gave rise to the charges in the superseding indictment took place between 1997 and 2006.  The Colombian National Police began its investigation on or about January 28, 2003. During the course of that investigation, Colombian authorities obtained wiretap evidence regarding the defendants' alleged drug activities. The defendants seek to suppress this evidence.

## **ANALYSIS**

The defendants argue that the subject wiretaps should be suppressed under the exclusionary rule because they violate the Fourth Amendment to the United States Constitution. The defendants rely on United States v. Behety, 32 F. 3d 503 (11th Cir. 1994). In Behety, the defendants were charged with various drug offenses arising from their attempt to transport cocaine from Guatemala to the United States onboard a vessel. The defendants' vessel was searched in Guatemala by Guatemalan authorities. Id. at 506. The defendants sought to suppress the drugs on the basis that the search of the vessel violated the Fourth Amendment. Id. at 507. The district court denied the

---

[2] The undersigned did not hold an evidentiary hearing. The facts discussed in this Report and Recommendation are included to provide context.

3

motion to suppress and the defendants appealed. Id. On appeal, the Eleventh Circuit affirmed the district court's decision. It noted that "[t]he Fourth Amendment is generally inapplicable to actions carried out by foreign officials in their own countries enforcing their own laws, even if American officials are present and cooperate in some degree." Id. at 510 (citation omitted). The Eleventh Circuit further observed that "[e]vidence obtained by foreign police officials from searches conducted in their country is generally admissible in federal court regardless of whether the search complied with the Fourth Amendment." Id. (citations omitted). Nonetheless, the Eleventh Circuit recognized two exceptions to this general rule: (1) where the conduct of the foreign officials during the search and seizure shocks the conscience of the court and (2) where "American law enforcement officials substantially participated in the search or if the foreign officials conducting the search were actually acting as agents for their American counterparts." Id. at 510-11. The second exception has at times been referred to as the "joint venture doctrine." Id. at 511. The Eleventh Circuit has described these two exceptions as "narrow." United States v. Emmanuel, 565 F. 3d 1324, 1330 (11th Cir. 2009). At the May 26, 2010 hearing, Defendant Henao-Toro argued that the joint venture doctrine applied in the instant case. The other defendants argued that the conduct of the Colombian authorities in obtaining the wiretaps shocked the conscience of the court and that the Colombian authorities and agents from the United States Drug Enforcement Administration ("DEA") were engaged in a joint venture. Thus, the undersigned will address both exceptions.[3]

---

[3] The defendants also make a law of the case argument. That is, that because the prior defendants in this case were allowed to challenge wiretap evidence at an evidentiary hearing, the Court should also hold an evidentiary hearing with respect to

4

**1.      Conduct Shocking the Conscience of the Court**

In Behety, the Eleventh Circuit did not discuss the type of conduct that would shock the judicial conscience. The defendants in that case raised only the joint venture doctrine. However, in Emmanuel, the Eleventh Circuit observed that "[t]he 'shocks the judicial conscience' standard is meant to protect against conduct that violates fundamental international norms of decency." Emmanuel, 565 F. 3d at 1331 (citing United States v. Mitro, 880 F. 2d 1480, 1483 (1st Cir. 1989)). Moreover, "[f]undamental international norms of decency do not require judicial review in all jurisdictions of applications to intercept wire communications." Emmanuel, 565 F. 3d at 1331. In Emmanuel, the Eleventh Circuit noted that the request for the Bahamian wiretap on the defendant's telephone "went through four levels of review and the request had to be renewed every 14 days." Id. The wiretaps in the instant case do not shock the judicial conscience. Here there is no evidence that the circumstances surrounding the wiretaps were so extreme that they would shock the judicial conscience. See Stowe v, Devoy, 588 F. 2d 336, 342 (2d Cir. 1978) (noting that "[t]here could be no contention . . . that the Canadian authorities did not scrupulously follow their own prescribed procedures, or that their conduct could in any way shock the conscience of the court."). Accordingly, the conduct of the Colombian officials does not shock the conscience of the Court.

---

the instant motions to suppress. The law of the case doctrine is inapplicable, however, where "there is an intervening change in the law that dictates a different result." United States v. Cortina, 359 Fed. Appx. 87, 88 (11th Cir. 2009). For the reasons stated below, the Emmanuel case dictates that, under the facts of the instant case, the defendants are not entitled to an evidentiary hearing regarding the exclusion of the Colombian wiretaps.

**2.     Joint Venture Doctrine**

The defendants also argue that the Colombian authorities were engaged in a joint venture with the DEA when they obtained the subject wiretaps. In Behety, the Eleventh Circuit found that the DEA agent's communication to Guatemalan authorities regarding the vessels' arrival and plans to export cocaine was insufficient to establish a joint venture. Id. at 511. The Eleventh Circuit further stated that "the DEA agents' presence and even videotaping of the search d[id] not constitute the level of participation this exception contemplates."Id. More recently in Emmanuel, the Eleventh Circuit stated that "[b]ecause the Fourth amendment d[id] not apply to nonresident aliens whose property is searched in a foreign country, there is no need to decide whether the [foreign] officials acted as agents of the United States or whether the wiretap was a joint venture." Emmanuel, 565 F. 3d at 1331. Emmanuel involved a motion to suppress a wiretap obtained in a drug investigation by Bahamian authorities. The instant case is indistinguishable from Emmanuel. The defendants in the instant case are Colombian nationals. The subject wiretaps took place in Colombia and were authorized by Colombian authorities. Thus, the defendants have not shown that they have a "voluntary attachment to the United States." Emmanuel, 565 F. 3d at 1331; see also United States v. Verdugo-Urquidez, 494 U.S. 259, 274-75 (1990) (stating that the Fourth Amendment had no application where "[a]t the time of the search, [the defendant] was a citizen and resident of Mexico with no voluntary attachment to the United States, and the place searched was located in Mexico."). Accordingly, the Court does not need to reach the issue of whether the Colombian authorities acted in a joint venture with the DEA in obtaining the wiretap evidence.

## CONCLUSION

Because the defendants have failed to establish that the Colombian authorities' actions in obtaining the subject wiretaps would shock the conscience of the Court or that the Fourth Amendment's exclusionary rule is applicable to them, the defendants' motions to suppress and motion to compel directed at the wiretap evidence should be denied.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Motion to Suppress All Wiretap Evidence and Fruits Thereof and Incorporated Memorandum of Law (DE# 766, 4/19/10), the Defendant's Motion to Compel Production of Documents Relating to Record of Conversations Had by the Defendant and Incorporated Memorandum of Law (DE# 768, 4/19/10) and the Defendants' Motion to Suppress Wiretap Evidence (DE# 771, 4/21/10) be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988). **Any party filing an objection shall provide the Court with a copy of the hearing transcript.**

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida this **4th** day of June, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record